

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

January 8, 2019

**BY ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Lamar*, S1 17 Cr. 610 (LGS)

Dear Judge Schofield:

      The defendant in this case, Michael Lamar, is scheduled to be sentenced on January 17, 2019, having pled guilty, pursuant to a plea agreement, to narcotics conspiracy, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C). The Government respectfully submits this letter in advance of the sentencing.

      In the plea agreement, the parties stipulated that the Guidelines range is 37 to 46 months' imprisonment (the "Stipulated Guidelines Range"). In its Presentence Investigation report ("PSR"), dated December 19, 2018, the Probation Department calculates the same Guidelines range of 37 to 46 months' imprisonment and recommends a sentence of 37 months' imprisonment—the bottom of the Guidelines. For the reasons explained in this letter, the Government believes that a sentence within the Stipulated Guidelines Range of 37 to 46 months' imprisonment is sufficient, but not greater than necessary, to account for the factors set forth in Title 18, United States Code, Section 3553(a).

## BACKGROUND

### A. Offense Conduct

      As described in the PSR, the Indictment in this case charged members and associates of a violent street gang known as "Killbrook," as well as individuals involved in a narcotics trafficking conspiracy based in the Mill Brook Houses in the Bronx. The Killbrook members charged in the Indictment are Gary Davis, Andrew Burrell, Ramel Jackson, Quentin Starkes, and Kareem Davis. The members of the narcotics conspiracy were Andre Cofield, Patrick Innis, Gary Davis, Burrell, Jackson, Starkes, Matthew Cooper, Justin Cooper, Naysean Chavis, Hassan Muhammad, Chimba Carlos, William Ray, Jeffrey Goodridge, Michael Lamar, and Luis Gomez.

The narcotics trafficking conspiracy largely involved the distribution of crack cocaine, as well as cocaine, in the Mill Brook Houses. Lamar was a member of the conspiracy and, in or around 2017, agreed with others to distribute mixtures and substances containing a detectable amount of crack cocaine. As part of the conspiracy, Lamar sold crack cocaine to undercover officers. As set forth in the plea agreement, Lamar is being held responsible for distributing at least 16.8 grams but less than 22.4 grams of crack cocaine.

In addition, Lamar routinely communicated by telephone with co-conspirator Patrick Innis regarding narcotics activity. In many of these communications, which were intercepted pursuant to a judicially-authorized wiretap, Lamar would ask Innis for crack cocaine ("I was calling you to see if you had the um, the thing"), which Lamar then would sell to his customers ("Yeah, I told [sic] I had the bread for it already. I already told you I had the person already."). PSR ¶ 35.

### B. Relative Culpability

The Government views Gary Davis, Kareem Davis, Burrell, Jackson, and Starkes as differently situated than the narcotics-only defendants, since they were involved in violence.

Among the narcotics only defendants, the Government views Andre Cofield as the most culpable, because, for years, he was a leader in the narcotics conspiracy, and because he shot and injured an individual in 2010. The Government views Patrick Innis as the next most culpable defendant, since he was a leader in the narcotics conspiracy in recent years and was involved in supplying lower level distributors. The Government views Luis Gomez as the next most culpable defendant, since he was at times supplying Innis.

The Government views Naysean Chavis, Matthew Cooper, and William Ray in the middle in terms of culpability, since they were gang members who were nonetheless mostly involved in selling narcotics. The Government views Chimba Carlos as in the lower middle in terms of culpability, since he was involved in cooking crack cocaine as well as distributing it. The Government views Justin Cooper, Hassan Muhammad, Jeffrey Goodridge, and Michael Lamar as the least culpable defendants, since they were mostly involved in hand to hand transactions.

### C. The Presentence Investigation Report

On December 19, 2018, the Probation Department issued the PSR for Michael Lamar in this case. As noted above, the Probation Department similarly calculates a Guidelines range of 37 to 46 months' imprisonment and recommends a sentence of 37 months' imprisonment.

## ARGUMENT

### A. Applicable Law

The Guidelines still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court has stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range"—that "should be the starting point and the initial benchmark." *Gall* v. *United States*, 55 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, *see id.* § 3553(a)(2); "the kinds of sentences available," *id.* § 3553(a)(3); the Guidelines range itself, *see id.* § 3553(a)(4); any relevant policy statement by the Sentencing Commission, *see id.* § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," *id.* § 3553(a)(6); and "the need to provide restitution to any victims," *id.* § 3553(a)(7).

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within the Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that the district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6. Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 551 U.S. 338, 348 (2007),

Honorable Lorna G. Schofield
January 8, 2019
Page 4 of 5

and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46; *Rita*, 551 U.S. at 349.  To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  *Gall*, 552 U.S. at 50.

### B. Discussion

In this case, a sentence within the Stipulated Guidelines Range of 37 to 46 months' incarceration is appropriate.

First, as detailed above, the crimes committed by Michael Lamar and the others in this case are serious.  Lamar was part of a team supplying narcotics to individuals in and around the Mill Brook Houses.  In doing so, his actions caused real harm to the Mill Brook community and, as such, warrant a meaningful term of imprisonment.

Second, a sentence within the Stipulated Guidelines Range would be reasonable given the need to deter similar conduct, to protect the community, and to provide specific deterrence for this defendant. As detailed in the PSR, the defendant has a lengthy criminal history.  In the past fifteen years – nearly all of Lamar's adult life – he has fallen into a cycle of arrest, followed by a conditional discharge or brief period of incarceration, and then another arrest.  Through all of this, however, Lamar has yet to be sentenced to a period of incarceration of greater than 60 days.  In addition, as the Probation Department notes in the PSR, Lamar's crimes have gotten increasingly more violent over time. Between 2012 and 2015, Lamar was found to be in possession of a gravity knife and two razors, the latter of which he used to slash two individuals.  Thus, the defendant is a danger to others and himself, and a period of incarceration is appropriate to keep the community safe.

Honorable Lorna G. Schofield
January 8, 2019
Page 5 of 5

## CONCLUSION

For these reasons, the Government respectfully submits that a sentence within the Stipulated Guidelines Range is warranted for Michael Lamar.

                        Respectfully submitted,

                        GEOFFREY S. BERMAN
                        United States Attorney

By:       /s/
                        Jordan Estes
                        Alexandra Rothman
                        Assistant United States Attorneys
                        (212) 637-2543/2580

cc:  Bennett Epstein, Esq. (via ECF)
     Sarah Sacks, Esq. (via ECF)